Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about March 25, 2014, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of stolen property in the fifth degree, and placed him with the Close to Home program for a period of 12 months, unanimously affirmed, without costs.
The court’s finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court’s credibility determinations. The evidence established appellant aided his brother in knowingly and intentionally possessing the victim’s phone and impeding the victim from recovering it (see Penal Law § 20.00). Appellant’s accessorial liability did not depend on whether, or for how long, he personally held or touched the phone.
The evidence established that the incident occurred “on or about” a designated date, as alleged in the petition. Appellant has not established that he was prejudiced in any way by the victim’s uncertainty as to whether the incident occurred on the designated date, or possibly on the day before.
*427 We have considered and rejected appellant’s challenge to the presentment agency’s summation (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D’Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Concur — Gonzalez, P.J., Mazzarelli, Acosta, Clark and Kapnick, JJ.